UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GAIUS STIGLER-EL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:13-cv-1961-SEB-DML ) |
| C. STILWELL, F. VANIHEL, J. CUNNINGHAM, C. CRAGE, | ) ) ) |
| Defendants. | ) ) |

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

Plaintiff Gaius Stigler-El is an inmate currently confined at the Plainfield Correctional Facility. He brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of the First, Fifth, Eighth, and Fourteenth Amendments. He names the following defendants: C Stilwell, Internal Affairs; F. Vanihel, Internal Affairs; J. Cunningham, Impartial Decision Maker; and, C. Grage, Assistant Superintendent.[1] He is seeking punitive and compensatory damages and declaratory relief.

Because Stigler-El is a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court must screen his complaint as required by 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that the plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). A complaint

---

[1] Stigler-El's complaint does not indicate whether he is suing the defendants in their individual or official capacities or both. To the extent Stigler-El is suing the defendants in their official capacities, suing a state employee in his official capacity is the same as suing the state, *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2010), and a state is not a person subject to an action for damages under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989).

falls within this category if it "alleg[es] facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Stigler-El are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Stigler-El's complaint is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald*, 128 F.3d 481, 489-90 (7th Cir. 1997). Here, Stigler-El complains that the defendants violated his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments based on his religious

association with the Moorish American Citizens. The Court will address each alleged constitutional violation in turn.

**II.**

First, Stigler-El alleges that Internal Affairs Officer F. Vanihel discriminated "against G. Stigler-El's exercising the Moorish precepts of his Religion called 'Islamism. . . .'" [Filing no. 1, at ECF p. 5]. To the extent he is claiming Officer Vanihel violated the Free Exercise Clause, this claim must be **dismissed**. The Establishment and Free Exercise Clause of the Constitution states in relevant part: Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; . . . . U.S. Const. Amend. I. There are no plausible factual allegations in Stigler-El's complaint to conclude that his First Amendment rights were violated by Officer Vanihel or anyone else.

Second, Stigler-El alleges that Internal Affairs Officer C. Stilwell violated his Fifth Amendment right to due process causing a deprivation of his "Liberty of Citizenship." [Filing no. 1, at ECF p. 3]. The Fifth Amendment states in relevant part: no person shall be deprived of life, liberty, or property, without due process of law. U.S. Const. Amend. V. Here, Stigler-El's complaint contains no factual allegations from which this Court can extrapolate a due process violation. This claim is **dismissed.**

Third, Stigler-El alleges Officer Stilwell and Assistant Superintendent C. Grage violated his Eighth Amendment rights. The constitutional provision pertinent to Stigler-El's claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). The Eighth Amendment claim is also **dismissed** because conditions of

confinement may rise to the level of a constitutional violation only if those conditions involved the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *Wilson v. Seiter*, 501 U.S. 294, 298-305 (1991). *Duran v. Elrod*, 760 F.2d 756 (7th Cir. 1985) ("The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'") (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). Any Eighth Amendment claim thought to be brought against Officer Stilwell is not clear from the complaint, and the claims against Assistant Superintendent Grage are based on alleged comments that Grage made that were defamatory and caused Stigler-El emotional distress. However, these allegations do not even remotely suggest an Eighth Amendment deprivation. Verbal abuse, harassment, and unprofessional conduct do not rise to the level of a constitutional violation for which relief may be granted in a civil rights case. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir.) (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)), cert. denied, 543 U.S. 837 (2004).

Finally, Stigler-El alleges a due process violation under the Fourteenth Amendment against Officer Stilwell, Officer Vanihel, and Impartial Decision-Maker Cunningham. It appears that Stigler-El is alleging the defendants discriminated against him based on his religion. Again however, Stigler-El fails to include any plausible factual allegations that would permit this Court to conclude he was discriminated against based on his religion. The Fourteenth Amendment claims against these defendants must be **dismissed**.

Stigler-El seeks declaratory relief from each defendant in the form of an apology, and millions of dollars in money damages from each defendant.

As submitted, the complaint must be dismissed because it does not allege the element of prejudice necessary to support the claims which are asserted and thus does not contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F .2d 1101, 1106 (7th Cir. 1984)). The court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993)

### III.

Stigler-El's complaint must be dismissed for failure to state a claim. Stigler-El shall have **through July 11, 2014,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 06/11/2014

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**NOTE TO CLERK:** PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:
Gaius Stigler-El
#982820
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, Indiana 46168